**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA M.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 2:25-cv-00430** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Lisa M., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security's ("Commissioner") denial of her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors. (ECF No. 7.) For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

**I.  BACKGROUND**

Plaintiff filed her applications for DIB and SSI on August 25, 2022, with an amended alleged onset date of disability of June 2, 2018, due to osteoarthritis, morbid obesity, degenerative disk disease, hypertension, chronic pain, bipolar disorder, anxiety, depression, and anemia. (ECF No. 6-6 at PageID 263.) Plaintiff's applications were denied initially and upon reconsideration.

1

(ECF No. 6-3 at PageID 86–94, 106–14.)  On February 21, 2024, the ALJ issued a partially favorable decision finding that Plaintiff was not disabled prior to August 25, 2022, but became disabled on that date.  (*Id.* at PageID 41–58.)  The Appeals Council denied Plaintiff's request for review, and this matter is properly before this Court for review.  (*Id.* at PageID 17–22.)

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2019.  (ECF No. 6-2 at PageID 46.)  At step one of the sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 2, 2018, the amended alleged onset date.  (*Id.* at PageID 47.)  The ALJ found that, prior to August 25, 2022, the date Plaintiff became disabled, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.  (*Id.*).  Beginning on August 25, 2022, Plaintiff has had the following severe impairments: bilateral knee degenerative joint disease and morbid obesity.  (*Id.* at PageID 48.)  The ALJ further found that since August 25, 2022, Plaintiff has not had an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.*)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") since August 25, 2022, as follows:

> [Plaintiff] has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional pushing, pulling, and operation of foot controls with the bilateral lower extremities; no climbing ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, and crouching; occasional crawling and climbing ramps and stairs; avoid concentrated exposure to extreme cold, heat, and humidity; avoid all exposure to hazards including unprotected heights and dangerous moving equipment.  [Plaintiff] requires the use of a walker for ambulation.

(ECF No. 6-2 at PageID 49.)

2

At step four of the sequential process, relying on the vocational expert's ("VE") testimony, the ALJ determined that, since August 25, 2022, Plaintiff has been unable to perform any past relevant work. (*Id.* at PageID 51.) At step five, the ALJ considered her age, education, work experience, and residual functional capacity, and found beginning on August 25, 2022, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*) The ALJ therefore concluded that although Plaintiff was not under a disability within the meaning of the Social Security Act at any time through December 31, 2019 (the date last insured for her DIB claim), Plaintiff became disabled on August 25, 2022, the date she filed her SSI application, and has continued to be disabled through the date of the decision for her SSI claim. (*Id.* at PageID 52.)

## IV. STANDARD OF REVIEW

The Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp.*

*v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right."  *Rabbers*, 582 F.3d at 651 (quotations omitted).

## V.    ANALYSIS

Plaintiff sets forth two statements of error.  First, she contends that the ALJ erred at Step Two by failing to find her mental health impairments to be severe and by failing to incorporate any mental health limitation into the RFC.  (ECF No. 7 at PageID 432–34.)  Second, she argues that the ALJ also erred at Step Two by finding no severe physical impairment, including even one day prior to the date she became disabled.  (*Id.* at PageID 434–35.)

The Commissioner counters that Plaintiff's arguments are misplaced because as to her DIB claim, Plaintiff failed her to meet her burden to show medical signs or laboratory findings to substantiate the existence of a medically determinable impairment at all from her amended alleged onset date of June 2, 2018, through the expiration of her insured status on December 31, 2019.  The Commissioner further argues that, with respect to Plaintiff's SSI benefits, the ALJ properly determined that she was disabled as of August 25, 2022, the date she filed her SSI claim, which is the earliest possible date of eligibility for her SSI claim.  (ECF No. 11 at PageID 451–54.)

**A. The ALJ's Step Two Finding Was Supported by Substantial Evidence**

Plaintiff contends that the ALJ erred at Step Two because she did not find the findings of Dr. VanEstenberg, who diagnosed Plaintiff with an adjustment disorder with mixed anxiety and depressed mood following a psychological consultative examiner, to be severe impairments. (ECF No. 7 at PageID 432–34.)

"In order to establish entitlement to disability insurance benefits, [a claimant] must establish that [s]he became 'disabled' prior to the expiration of h[er] insured status." *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *see also* Social Security Ruling ("SSR") 18-1p ("[A] claimant who has applied for disability insurance benefits under title II of the Act must show that: He or she met the statutory definition of disability before his or her insured status expired . . . "). "Therefore, only that medical evidence detailing the claimant's condition during the insured time period is relevant when establishing eligibility for DIB." *See Brown v. Comm'r of Soc. Sec.*, No. 5:24-CV-00578-CEF, 2024 WL 4706709, at *3 (N.D. Ohio Nov. 7, 2024) (finding no medically determinable impairment when the "earliest of the medical evidence included in the record date[d] to . . . more than two years after the date last insured"), *report and recommendation adopted*, No. 5:24-CV-578, 2024 WL 4881673 (N.D. Ohio Nov. 25, 2024).

For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. *See* 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988) ("[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience."). In assessing the severity of a psychological impairment, an ALJ considers "four

5

broad functional areas . . . : "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). The degree of limitation is assessed using a five-point scale: "None, mild, moderate, marked, and extreme." *Id.* § 404.1520(c)(4). A "mild" limitation indicates that "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." *Id.* § 404, Subpt. P, App. 1 § 12.00F2b. A "mild" limitation equates with a "nonsevere" limitation indicating no more than minimal effect on a claimant's work-related activities. *Id.* § 404.1520(d). "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." *Id.* § 404.1522. In formulating the RFC, the ALJ must consider both the severe and non-severe impairments. *Id.* § 404.1545(a)(2).

Plaintiff challenges the ALJ's determination at Step Two for allegedly failing to consider Plaintiff's mental limitations as severe and later incorporate them into the RFC determination. The Court is not convinced. At Step Two of the analysis, the ALJ found Plaintiff to not be disabled at all prior to her date of last insured for purposes of DIB. (ECF No. 6-2 at PageID 47.) Specifically, the ALJ noted that the earliest medical records Plaintiff submitted dated back to July 2022, almost two and a half years after her date of last insured. (*Id.*) Notably, Plaintiff does not challenge the ALJ's ultimate determination that she did not provide objective medical evidence for any disabling condition prior to her date of last insured, let alone for a mental impairment. And the only medical evidence Plaintiff relies on, the medical opinion of Dr. VanEstenberg, does not undermine the ALJ's determination because Dr. VanEstenberg's evaluation was dated February 8, 2023, and did not include analysis of pre-2022 medical records. (*See* ECF No. 6-7 at PageID 364–69.) This

therefore has no probative value as to whether Plaintiff was disabled *prior to* her date of last insured in 2019. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value."). Thus, with no showing of disability prior to her date of last insured, the *earliest* Plaintiff was eligible to receive SSI benefits would have been the month after she filed her application. *See* 20 C.F.R. §§ 416.330, 416.335.

To the extent Plaintiff is contending that the ALJ should have accounted for her mental limitations when assessing her eligibility for SSI benefits, that argument also is irrelevant. While the DIB determination is a historic, backward-looking assessment of Plaintiff's medical conditions from the alleged disability onset date to the date of last insured, the eligibility for SSI starts on the date of the SSI application. *See* 20 C.F.R. §§ 416.330, 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466, 478 (6th Cir. 2016) (explaining that SSI is not retroactive and the relevant timeframe for assessing SSI eligibility is the date the SSI application was filed to the date of the ALJ's decision). Here, the ALJ found that, for purposes of SSI, Plaintiff was disabled, at the earliest, on the date she filed her application. Whether any RFC analysis included a moderate mental limitation was therefore immaterial since Plaintiff received the maximum SSI benefits.

Accordingly, there was substantial evidence to support the ALJ's determination that Plaintiff did not have a severe mental impairment at Step Two prior to her date of last insured, and the Undersigned **RECOMMENDS** that Plaintiff's First Statement of Errors be **OVERRULED**.

**B.      The ALJ Did Not Commit Reversible Error by Finding No Severe Impairment Prior to August 25, 2022.**

In her Second Statement of Errors, Plaintiff argues that "[i]t is unreasonable for the ALJ to find that [Plaintiff] had no medically determinable impairment whatsoever prior to August 25, 2022, but then she suddenly had severe bilateral knee degenerative joint disease and morbid obesity on that date." (ECF No. 7 at PageID 434–35.)  In response, the Commissioner argues that Plaintiff's argument reflects a misunderstanding of the governing rules for determining the onset date.  The Court agrees.

As addressed above, to qualify for DIB, Plaintiff was required to show medical signs or laboratory findings to substantiate the existence of a medically determinable impairment from her amended alleged onset date of June 2, 2018, through the expiration of her insured status on December 31, 2019.  Plaintiff did not do so, and Plaintiff's arguments to the contrary here are otherwise unavailing.  Specifically, Plaintiff's self-reported "ongoing pain for the past several years" and cane use for eight years in a medical record from an appointment in July 2022 is insufficient to conclude that the ALJ erred, especially when that same medical record also indicates that the condition was only "recently worsening."  (*See* ECF No. 6-7 at PageID 336.)  And while that same medical record does note that she had previously seen Dr. Baker and was advised that she would benefit from a total knee arthroplasty, there is no date associated with that appointment. (*See id.*).  Thus, there is insufficient medical evidence to warrant overturning the ALJ's DIB determination.

Second, the ALJ did not commit reversible error by awarding Plaintiff the maximum amount of SSI benefits.  Plaintiff's argument that it was unreasonable to find that she was not disabled prior

to August 25, 2022, and then disabled on August 25, 2022, is a red herring.  Plaintiff was found disabled as of August 25, 2022, because that was the date she filed her SSI application.  In other words, the ALJ found Plaintiff disabled the earliest possible date Plaintiff could be found disabled for purposes of SSI benefits.  The ALJ's determination that she became disabled on that date is a technical, procedural finding—not a finding that "she suddenly had **severe bilateral** knee degenerative joint disease and **morbid** obesity on that date," as Plaintiff contends.  (ECF No. 7 at PageID 434–35)

As such, Plaintiff's arguments on this point are without merit, and it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Second Statement of Errors.

## VI.    CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## VII.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*

**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

10